Deaderick, J.,
delivered the opinion of the court.
The hill in this ease was filed in October, 1869. in the Chancery Court of Williamson County, by C. *705 Drake, a minor, and others, seeking to set aside a decree rendered in the. same court, in the case of Z. M. Drake and others against C. Drake and others, at its December term, 1858.
The decree sought to be set aside by the present proceeding is impeached for fraud in obtaining it, and for error apparent on its- face.
Z. M. Drake, -who was the executor of his father’s will, filed his bill in said, chancery court against the widow and the devisees and legatees of his testator, for a construction of the will, and to have the rights of the several devisees and legatees declared.
Among other things, it was declared by the Chancellor that the testator had advanced to Z. M. Drake a tract .of land in Maury County, and to another sou, ¥m. L. Drake, a tract of 180 acres in Haywood County. The decree- upon its face recites that these advancements were made to his two sons by the testator in his lifetime, and directs an account to be taken at -which they are to be charged to them, respectively, at the prices for which they were severally purchased for them at the time of the advancements.
The argument is, that the evidence does not warrant the conclusion of the. Chancellor, that the advancements were in fact made as declared by him.
'We are of opinion, however, that we are precluded from entering into an examination of the evidence to ascertain whether the .Chancellor’s conclusions were correct.
Where a bill of .review is filed to set aside or reverse a decree for error apparent upon its face, we *706 cannot look to the evidence to see whether the Chancellor has drawn correct conclusions from it.
Note. The decree may he compared with the pleadings, to see whether it be consistent therewith. Burson v. Dosser, 1 Heis,, 758; Eaton v. Diehinson, 3 Sneed, 401.
If in the decree he assumes that facts have been proved which warrant the decree, however erroneous his conclusions of fact may be, such error cannot be corrected by a bill of review. Eaton v. Dickinson, 3 Sneed, 397.
Considering the bill as an original bill in the nature of a bill of review, impeaching the decree for fraud, it must be shown that fraud was practiced in obtaining the decree, before the propriety of the decree can be investigated'. Story’s Eq. PL, sec. 426.
Being of opinion that there is no evidence in the record showing that the decree was obtained by fraud, the decree of the Chancellor dismissing the bill will be affirmed.
The complainants will pay the costs of this court and of the chancery court.